[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated August 9, 1999, the plaintiff, Channan Burgess, is seeking inter alia, a dissolution of her marriage to the defendant, Christopher Burgess.
After a full trial, the court, based upon the preponderance of the credible, relevant and legally admissible evidence, and the reasonable, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, whose birth name was Channon Terminisi and the defendant intermarried at East Haddam, Connecticut on June 20, 1992.
The plaintiff, for at least twelve months next preceding the date of this complaint, has resided continuously in this state.
Only the following minor children have been born to the plaintiff since the date of the marriage; both of whom are lawful issue of the marriage.
Jocelyn Brea Burgess, born June 20, 1994.
Justin William Burgess, born March 7, 1997.
No governmental agency is contributing to the support or maintenance of any party hereto.
The marriage has broken down irretrievably.
The defendant has had several affairs with other women and has told the plaintiff he wants a divorce. The court ascribes fault for the breakdown of the marriage to the defendant.
The plaintiff is 29 years old and the defendant is thirty years old, and both are in good health. At the time of the marriage, the plaintiff was employed full time as a hairdresser in Old Saybrook, Connecticut. The defendant was and still is a truck driver who owns his own tractor and trailer, but was working for his family's business located in Weymouth, CT Page 9247 Massachusetts. The plaintiff left her position in Old Saybrook and rode the truck with the defendant. The family business eventually went bankrupt owing the parties $7,000 — $10,000 dollars in unpaid wages. Said sum remains I unpaid.
The defendant has remained self employed since the failure of the family business. The plaintiff rode with the defendant for approximately one year, assisting him with the bookkeeping "and paperwork and also drove the truck on occasions.
The plaintiff returned to hairdressing and worked full time until the birth of Jocelyn on July 20, 1994. The second child, Justin, was born on March 7, 1997. The plaintiff took short maternity leaves upon the birth of each child. She returned to her job and worked two days per week after the birth of each child. She increased her schedule to three days per week upon the institution of this action. While the plaintiff is at work on Wednesday, Thursday and Fridays, the children attend day care.
The parties jointly own their marital resident with an equity valued above the mortgage of about $44,000.00. The defendant owns his tractor and trailer. The defendant has an earning capacity of approximately $125,000.00 per year, which the court holds is the amount upon which child support should be based.
Based on the mandates of Gen. Stat. Sec. § 46b-81 and Gen. Stat. Sec. § 46b-82, the court fashions the following property distributions, custody, alimony and support awards.
The parties are awarded joint legal custody of the minor children, whose primary residence shall be with the plaintiff, subject to reasonable rights of visitation with the defendant. The defendant shall provide forty-eight hours notice to the plaintiff indicating when he will be in Connecticut.
The defendant shall pay child support in the amount of $377.00 per week for the two children, and shall claim both children as dependents for tax purposes.
The defendant shall maintain health insurance for the benefit of the children. After the plaintiff pays the first $100.00 per year, the unreimbursed on uninsured expenses incurred on behalf of the children shall be paid 38% by the plaintiff and 62% by the defendant.
Both parties are to maintain presently existing life insurance naming the minor children as irrevocable beneficiaries and the other parent as trustee. CT Page 9248
The plaintiff shall pay 38% of the day care expenses and the defendant shall pay 62%.
The defendant shall pay periodic alimony to the plaintiff in the amount of $400.00 per week, for a period of five years and shall be non-modifiable as to term.
The defendant shall transfer the marital home located at 24 Witch Hazel Drive, Deep River, Connecticut, to the plaintiff who will be solely responsible for the payment of all expenses thereto, including the mortgage, taxes and insurance, and she shall hold the defendant harmless from same.
The plaintiff shall be the sole owner of all the following assets: personal property in her possession, bank accounts in her name and the Suburban Automobile.
The defendant shall retain sole ownership of his trucking business, all records, invoices and proceeds of same, his bank accounts, the tractor and trailer, his Harley Davison and all other trucks or vehicles in his possession. He shall be responsible for all expenses related to same and shall hold the plaintiff harmless from same.
Each party is to pay their debts as listed on their financial affidavit.
The defendant shall pay, within 90 days, the sum of $2,500.00 towards the plaintiffs counsel fees.
A decree may enter dissolving the marriage and incorporating therein the aforesaid orders and distribution.
SPALLONE, TRIAL REFEREE